

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 10, 1967

Dr. J. E. Peavy
Commissioner of Health
Texas State Dept. of Health
Austin, Texas

Opinion No. M-38

Re: Whether S.B. 130, Acts, 59th Legislature, 1965, codified as Art. 4477-12, transfers to the Texas State Department of Health the powers pre-viously vested in the Board for Hospitals and Special Schools by Art. 6674-t, V.C.S., and related question.

Dear Dr. Peavy:

By a recent letter you have requested an opinion from this office. We quote from your letter as follows:

"This Agency has been presented with several questions as to the scope of authority provided by Sections 1 and 2 of Senate Bill 130, Acts of the 59th Legislature, 1965, codified as Article 4477-12, Vernon's Civil Statutes.

" . . . .

"We would appreciate your opinion regarding the following questions:

"1. Was the effect of Sections 1 and 2 of Senate Bill 130, now codified as Article 4477-12, Vernon's Civil Statutes, to transfer to the Texas State Department of Health the powers previously vested in the Board for Hospitals and Special Schools by Article 6674-t, Vernon's Civil Statutes?

"2. If your answer to the above question is in the affirmative, do the words 'construction, maintenance and repair of roads' include the construction and repair of parking lots, alley-

ways, driveways and walkways?"

House Bill 481, Acts, 52nd Legislature, Regular Session, 1951, Chapter 187, pages 309-310, codified as Article 6674t, Vernon's Civil Statutes, is quoted, in part, as follows:

"Section 1.  The Texas State Highway Department is hereby authorized and empowered, upon request of the Board for Texas State Hospitals and Special Schools . . . to enter into agreements or contracts with the Board . . .for the construction, maintenance and repair of roads within any of the institutions, hospitals and schools under the control, management or supervision of the Board . . . .

"  . . . .

"Section 4.  The fact that many institutions and special schools within this State require roads and road work and the fact that roads can be constructed and maintained most economically and efficiently by the State Highway Department . . . ."

Under the clear provisions of the above statute, the Texas Highway Department and the named agencies, including the Board for Texas State Hospitals and Special Schools, were authorized by the Legislature to contract for purposes of constructing and maintaining roads within the boundaries of all the schools and institutions and hospitals under control of the named agencies. Attorney General's Opinion No. S-102 (1953).  The obvious purpose of this legislation was to allow the named agencies to turn over to the Texas Highway Department the duty of efficiently constructing and maintaining roads upon the various state properties, and thus result in saving of money to the state.

By Senate Bill 130, Acts, 59th Legislature, Regular Session, 1965, chapter 51, page 124, codified as Article 4477-12, Vernon's Civil Statutes, the Legislature transferred from the Board for State Hospitals and Special Schools to the State Health Department the responsibility for the care of tuberculosis patients and tuberculosis hospitals throughout the state.  Section 1 of Article 4477-12 is quoted, in part, as follows:

"Section 1.  . . .From and after September 1, 1965, the custody, control, maintenance and operation of all tuberculosis hospitals maintained by the State of Texas shall be under

the jurisdiction and control of the State
Board of Health . . . ."

The Board for State Hospitals and Special Schools no
longer exists. The State Board of Health has taken over the
duties of the state tuberculosis hospitals. Attorney General's
Opinion No. C-489 (1965). The remaining duties of the Board
for State Hospitals and Special Schools were assumed by the
Texas Department of Mental Health and Mental Retardation,
Articles 5547-202, et seq., Vernon's Civil Statutes.

In answer to your first question, it is our opinion
that the authority to contract between the Texas Highway Depart-
ment and the Board for State Hospitals and Special Schools as
authorized by Article 6674t, was transferred to the State Board
of Health by Article 4477-12 as far as state tuberculosis hospitals
are concerned.

Your opinion request refers to Article 4413(32), Ver-
non's Civil Statutes. This article commonly known as "The
Interagency Cooperation Act," was enacted in 1953, or two years
subsequent to Article 6674t. Section 3 of the Interagency Coopera-
tion Act states: "Provided, however, nothing herein shall authorize
any agency to construct any highway, street, road, or other build-
ing or structure for any other agency, except as otherwise specifi-
cally authorized by existing law, and, except . . . ."

It is our opinion that Article 4413(32) does not negate
the authority conferred by Article 6674t due to the fact that
Article 6674t was an existing law at the time of enactment of
Article 4413(32).

Your second question asks whether our interpretation
of the term "construction, maintenance and repair of roads"
includes construction and repair of parking lots, alleyways,
driveways, and walkways. We believe that it was the intent of
the Legislature, as shown by Section 4 of Article 6674t, that the
named agencies could contract with the Texas Highway Department
to handle the roadways of the various hospitals and institutions,
and that this term was to be given its broadest meaning.

Webster's New International Dictionary 2nd Edition,
defines road as:

"A place where one may ride; an open
way or public passage, for vehicles, person,
and animals . . .forming a means of communica-
tion between one place and another."

It is our opinion that the language "construction, maintenance and repair of roads" should be construed to include the construction and repair of the items covered by your second question. Attorney General's Opinion No. S-105 (1953).

### S U M M A R Y

Section 1 of Article 4477-12, Vernon's Civil Statutes, transferred to the Texas Health Department the power to contract with the Texas State Highway Department, previously given to the Board for Texas State Hospitals and Special Schools by Article 6674t, Vernon's Civil Statutes, as far as such power relates to the state tuberculosis hospitals.

The term "construction, maintenance and repair of roads" as contained in Section 1 of Article 6674t, Vernon's Civil Statutes, is to be given a liberal interpretation as intended by Section 4 of Article 6674t.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
Malcolm Quick
Robert Flowers
John Banks

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.